John J. Dillon, J.
Patrick V, Ryan, Supervisor of the Town of Somers, died on March 6,1967. For some time preceding his *40 death he had been incurably ill. On January 30, 1967, his physician advised him that his disease had reached such an advanced state that he should no longer leave his home. On the following day, he signed and forwarded to the Town Clerk his resignation as Supervisor to take effect on February 28, 1967. From that date on he was for the most part confined to bed and his physical weakness constantly increased. He nevertheless, according to his physician, fully retained his mental alertness. On February 11, 1967, he called a special meeting of the Town Board to be held at his home, for the purpose of appointing a Deputy Supervisor. The creation of such an office by the Town Board is expressly authorized by section 42 of the Town Law.
Written notice of the meeting was duly given to all the councilmen, and all the members attended. . The Supervisor was assisted down stairs by his son-in-law. The only business to be transacted was the creation of the new office. A motion to that effect was made and seconded by the respondents Anderson and Loomis. The respondents Bibbo and Kurtz objected to the holding of a meeting except at the Town House several miles away. Mr. Bibbo left the meeting. Mr. Kurtz stayed and the resolution was unanimously adopted, although Mr. Kurtz qualified his vote by making it conditional on the legality of the meeting. On the same day Mr. Ryan appointed Councilman Loomis, the senior member of the Town Board in point of service, as Deputy Supervisor. On February 28, Mr. Ryan’s resignation took effect. He died six days later.
This is an article 78 CPLR proceeding brought by a taxpayer challenging the right of Mr. Loomis to hold the office of Deputy Supervisor. The principal point raised by the petitioner is that the' resolution was adopted at a meeting invalidly held at the Supervisor’s home. The argument is based on the provision of section 62 of the Town Law that “ all meetings of the town board shall be held within the town at such place as the town board shall determine by resolution ’ ’. The Town Board had previously determined by resolution that board meetings should be held at the Town House, and it is claimed that no lawful meeting could be held elsewhere. The court cannot agree that the statute requires an interpretation so unbending. In general, public policy requires that the board should meet in a public place which is familiar to and readily accessible to all who may wish to attend. But there may be situations in which the holding of a meeting at the designated location- would be impractical. It seems unlikely that the Legislature intended to forbid a Town Board to meet lawfully at another location in emergencies. It is unnecessary to conjure up the possibility of a public disaster *41 as an example of an emergency. The Supervisor is so important in the framework of town government that a critical illness of that official would clearly constitute an emergency. Even in the absence of an emergency the statute provides in section 62 that ‘ ‘ the supervisor of any town may * * * call a special meeting of the town board by giving at least two days’ notice in writing to members of the board of the time and place where the meeting is to be held.” The meeting we are dealing with here was a special meeting, and the plain implication of the requirement for notice of the place of the meeting is that it may be held elsewhere than at the place previously designated.
The further claim is made by the petitioner that the meeting was unlawful because the Town Clerk was not present. Subdivision 1 of section 30 of the Town Law provides that the Town Clerk ‘ ‘ shall attend all meetings of the town board ’ ’. But here again the court declines to believe that the absence of the Town Clerk invalidates the business transacted at a Town Board meeting. At the meeting in question nothing whatever was done except for the adoption of a resolution creating the office of Deputy Supervisor. No one questions the fact that such a resolution was adopted by the affirmative A'otes of four of the five members of the board. To hold that the resolution was ineffective because the Town Clerk was not present to record the vote would be merely glorifying form and ignoring substance. The minutes were apparently taken by the Supervisor, now deceased. When one considers the desperate condition of Mr. Ryan’s health at the time, there is surely nothing sinister about his omission to record the proceedings in more detail.
The court is somewhat shocked at the bitterness displayed in the moving papers. Such expressions as “ steam-rollering,” “railroading,” “sham,” “political profit,” “stacked deck,” “barefaced fraud” and the like are bandied about Avith the utmost freedom. As far as this record shows, no additional salary has been voted to Mr. Loomis for acting as Deputy Supervisor, although this could have been done under section 42. As Deputy Supervisor he has no vote on the Toavii Board and may not serve as a member of the County Board of Supervisors. His sole function is to perform the administrative duties of a Supervisor in connection with the toAvn government. Without such an officer the toAvn could not issue checks or sign contracts. The claim that the Town of Somers is now left Avithout a Supervisor is without substance. The appointment of a Deputy Supervisor has nothing to do with filling a vacancy resulting from the death of an incumbent Supervisor. Such a vacancy *42 may be filled by the Town Board by appointment (Town Law, § 64, snbd. 5).
It seems rather unfortunate that this proceeding should have been instituted. It implies, without factual support, that a faithful public officer was engaged with others in some kind of chicanery when to his own knowledge he stood face to face with death. As the court sees it, he was simply trying in the closing hours of his life to insure the continuance of orderly town government. The prayer of the petition is denied and the proceeding dismissed, with costs.