J. Robert Lynch, J.
The petitioner seeks an order in the nature of mandamus to compel the respondents to accept his oath of office and his appointment as an Oswego County Legislator for the First Ward of the City of Fulton. The parties have agreed that the court should overlook any procedural insufficiencies in the interest of an expeditious resolution of the controversy on its merits.
Gordon J. Goss, the County Legislator from the First Ward, elected for two years commencing January 1, 1974, resigned as of February 1, 1975. Claiming authority under the city charter the Mayor of Fulton appointed the petitioner to the vacancy. The County Legislature called the appointment a nullity, claiming the right itself to fill the vacancy under a local county law. Thereupon the Governor appointed the petitioner to fill the vacancy, under the authority, according to the petitioner, of subdivision 7 of section 400 of the County Law.
*1025 The petitioner charges that the respondents intend to treat his gubernatorial appointment as a nullity. They, not denying it, point to the confusion engendered by three seemingly contradictory laws and urge that the court confirm the County Legislature’s right to fill the vacancy.
Directed by section 2 of article IX of the New York State Constitution, subdivision 1 of section 10 of the Municipal Home Rule Law cedes to local governments the mode of selection of their own officers upon the condition that it not be contrary to any "general law”, which, for our purposes, is defined as a "state statute which in terms and in effect applies alike to all counties” (Municipal Home Rule Law, § 2, subd. 5). Subdivision 7 of section 400 of the County Law provides that "a vacancy in an elective county office, shall be filled by the governor”. The petitioner claims that this is a general law that would pre-empt any local rights.
Nydick v Suffolk County Legislature (Sup. Ct., Suffolk County, Stark, J., Jan. 29, 1975) has held that subdivision 7 is not a general law and thus not pre-emptive. We find it immaterial whether subdivision 7 is a general law or not because it is not pertinent to the facts at hand. All parts of a statute must be read together and the statute construed as a whole (McKinney’s Cons. Laws of N.Y., Book 1, Statutes, § 97). We cannot construe subdivision 7 of section 400 authorizing the filling of a vacancy in an elective county office and at the same time overlook that, for the purposes of section 400, subdivision 1 specifies that the elective county officers it speaks of are the Sheriff, County Clerk, District Attorney, County Treasurer, County Judge, Surrogate and Judge of the Family Court.
We are in accord with Matter of Conole v County Legislature (Sup. Ct., Albany County, Larkin, J., May 14, 1971) that the Governor is not empowered by section 400 of the County Law to fill a vacancy in the office of County Legislator. To hold otherwise would not be a judicial interpretation of the section but a judicial amendment.
We do not view the holding in Matter of Knauf v County Legislature of County of Monroe (53 Misc 2d 917, app dsmd 28 AD2d 643) that a County Legislator is "an elective county officer” as an enlargement of subdivision 7 since it was neither concerned with that subdivision nor the vacancy filling process.
The sections of the city charter (Fulton City Charter, L. *1026 1902, ch. 63) under which the Mayor of Fulton presumed to fill the vacancy antedate the Oswego County Legislature. They are of the time when there was a County Board of Supervisors composed of one Supervisor from each town and one from each city ward. These were town or city officials (Matter of Knauf v County Legislature of County of Monroe, supra; Matter of Brayman v Stevens, 54 Misc 2d 974, affd 28 AD2d 1090). The city charter authorizes the Mayor to fill a vacancy in "any elective office of the city” (Fulton City Charter, § 18; L. 1902, ch. 63) and specifically the office of supervisor (Fulton City Charter, § 8). A County Legislator, even though from a city ward, is not a city official but a county official (Matter of Knauf v County Legislature of County of Monroe, supra). The Fulton City Charter contains no grant of power to the Mayor to fill vacancies in county offices generally or in the County Legislature specifically.
Section 2 of the Local Laws of 1971, No. 2 of the County of Oswego provides that a vacancy in an office of County Legislator shall be filled by appointment of the County Legislature. In the absence of a contrary general law, this is a constitutionally granted exercise of home rule and must be accorded validity here.
The petition must be denied in all respects.