LOUIS RESNICK et al., Respondents, v COUNTY OF ULSTER et al., Appellants, and HUGH L. CAREY, as Governor of the State of New York, Respondent, et al., Defendants.

Third Department, December 30, 1976

*Abram F. Molyneaux (Francis T. Murray* of counsel), for appellants.

*Klein, Klein & Gilday (Louis M. Klein* of counsel), for Louis Resnick and another, respondents.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for Hugh L. Carey, respondent.

HERLIHY, J. The judgment appealed from declared that Local Law No. 1 of the year 1976 as enacted by the Ulster County Legislature is void as a matter of law; that the authority of the Governor to act under section 43 of the Public Officers Law or section 400 of the County Law to fill a vacancy in the office of County Legislator is discretionary and there-

fore the Governor cannot be directed by the court to fill such a vacancy; that the direction of an election by the court to be held to fill such a vacancy would be an improper exercise of the power of the court; that any requests for the removal of defendant Frank Spada from the Ulster County Legislature and the repayment of any moneys paid to defendant Frank Spada and defendant Robert H. Kuhlmann were improperly before the court and must await determination in an action brought by the Attorney-General pursuant to section 63-b of the Executive Law; and that whether or not a public referendum was required as a result of the enactment of Local Law No. 1 of the year 1976 by the Ulster County Legislature is academic.

Ulster County has no specific county charter and, accordingly, it governs pursuant to the powers conferred by the Municipal Home Rule Law and the County Law together with such other general laws as may affect it insofar as the replacement of vacancies amongst its legislators prior to the expiration of a term is concerned. By a letter dated January 5, 1976, Robert H. Kuhlmann advised that he was resigning as the representative of "District No. 1" effective January 31, 1976. On January 15, 1976 the County Legislature encated Local Law No. 1 of the year 1976 which provides that any vacancy in a term of County Legislator except by expiration thereof is to be filled by the County Legislature. Pursuant to this local law the county appointed Frank A. Spada to fill the Kuhlmann vacancy.

The dispositive issue upon this appeal is whether or not section 10 of the Municipal Home Rule Law authorizes a county to provide for the appointment of a person to fill the unexpired term of a legislator.

Section 10 (subd 1, par [ii], cl a, subpar [1]) of the Municipal Home Rule Law, as applicable, provides in pertinent part as follows:

"(ii) every local government * * * shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law * * * except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:

"a. A county, city, town or village:

"(1) The powers, duties, qualifications, number, mode of selection and removal * * * of its officers and employees".

The county contends that the words "mode of selection" include the power to fill vacancies. The subject power of the county as expressed in section 10 is identical with the power granted in section 2 of article IX of the State Constitution as to "mode of selection". However, section 3 of article XIII of the State Constitution concerns itself with the filling of vacancies and its provisions were not incorporated in section 10. Further, neither section 10 nor the applicable mandatory powers provisions of section 2 of article IX of the State Constitution use the language "filling vacancies" and yet such is common terminology for such power as used in section 3 of article XIII of the State Constitution and also in subdivision 7 of section 400 of the County Law and section 43 of the Public Officers Law.

While such a power is permissible as to a charter enacted pursuant to section 32 *et seq.* of Part 1 of article 4 of the Municipal Home Rule Law *(Nydick v Suffolk County Legislature,* 81 Misc 2d 786, affd 47 AD2d 241, affd on opn below 36 NY2d 951), the appellant county has not elected to adopt that procedure which would require a referendum. The Special Term's declaration that the local law is invalid must be affirmed.

The remainder of the declarations contained in the judgment are denials of relief requested by the petitioners and since no appeal was taken by the petitioners from such denials, we do not pass on the merits thereof.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Judgment affirmed, without costs.