Hon. Charles P. Caputo County Attorney, Fulton County
This is in reply to your letter dated July 17, 1978, in which you request our opinion concerning the decision of the New York State Court of Appeals in Resnick v. County of Ulster (44 N.Y.2d 279).
You point out that in Resnick v. County of Ulster, the Court held that county legislatures in noncharter counties may, in carrying out their home rule functions, enact local laws providing that a vacancy in the office of the county legislator occurring other than by expiration of its term is to be filled by the remaining membership of the body.
You ask whether the Fulton County Board of Supervisors, ten of whose members serve as town supervisors, may adopt a local law which would provide for the filling of vacancies in that body by appointment by the Board of Supervisors.
Authority to enact local laws is found in Article 9 of the New York State Constitution as well as in the Municipal Home Rule Law. The broad authority possessed by local governments to enact local laws is not without restriction. A local law may not be inconsistent with the provisions of the State Constitution or any general law (New York Constitution Article 9, § 2 (c) (ii) (1); see also Municipal Home Rule Law, § 10, subd. 1 [ii]; People v. Cook, 34 N.Y.2d 100). A general law is defined by Constitution, Article 9, § 3 (d) (1) and by Municipal Home Rule Law, § 2, subdivision 5 as one which applies alike in terms and effect to either all counties, all cities, all towns or all villages. Another restriction upon the enactment of local laws is reflected by the decision of the Appellate Division, Fourth Department inRebeor v. Wilcox (58 A.D.2d 186 affd. 44 N.Y.2d 279), which was decided by the Court of Appeals together with Resnick. The Appellate Division stated that an official of one municipality, in Rebeor the Mayor of the City of Fulton, is without authority to appoint to fill a vacancy in an office of another municipality, in that case Oswego County Legislator (a County officer), despite the fact that the vacant office had originally been filled by electors of the City of Fulton.
A town supervisor is an elective town officer (Brayman v. Stevens,54 Misc.2d 974, affd. 28 A.D.2d 1090, affd. 20 N.Y.2d 868). Vacancies in the office of town supervisor are filled by the town board by virtue of Town Law, § 64, subdivision 5 (see Matter of Roth v. Loomis,54 Misc.2d 39; 1975 Atty. Gen. 283). Town Law, § 64, subdivision 5 applies alike in terms and effect to all towns. Thus the Fulton County Board of Supervisors may not validly adopt the local law in question both because such a law would be inconsistent with a general law and because the office in question, being a town rather than a county office, is beyond the legislative authority of the Board of Supervisors.