In the Matter of RICHARD L. WOLL et al., Appellants, v ERIE COUNTY LEGISLATURE et al., Respondents. — Judgment affirmed, without costs. Memorandum: In this CPLR article 78 proceeding petitioners appeal from a judgment dismissing their petition, which sought to annul a reapportionment plan for the Erie County Legislature. The plan was introduced in the Erie County Legislature in the form of a local law to amend the Erie County Charter, entitled Local Law Intro. 4, Print 1 (1981). Significantly, the proposed plan reduces the number of legislative districts from 20 to 17. An earlier version of the plan, Local Law Intro. 2, was annulled by order of Erie County Supreme Court on the ground that it was derived from a March 15 meeting which violated the Open Meetings Law *(Matter of Woll v Sagara,* Supreme Ct, Erie County, March 31, 1981, Green, J.). Subsequent thereto, the county legislature held a public work session on April 7, 1981 and the present reapportionment plan was filed on April 13, 1981. A public hearing on the proposed local law was held on April 21, 1981 and the county legislature adopted it on April 23, 1981. The law was signed by the acting Erie County executive that same day. As enacted, the local law calls for a public referendum scheduled for June 23, 1981. Petitioners raise several challenges to the validity of the reapportionment plan, all of which we find to be without merit. Initially, they contend that the local law violates subdivision 3 of section 20 of the Municipal Home Rule Law, which states: "Every such local law shall embrace only one subject." This statute is violated, petitioners argue, because the local law deals with two subjects, reapportionment and reduction of the number of legislative seats. In determining whether a local law runs afoul of the statute, the test is whether there is a necessary or natural connection between the items covered in the local law (see *Burke v Kern,* 287 NY 203, 214; *Rebeor v Wilcox,* 58 AD2d 186, 192, affd 44 NY2d 279). We hold that the reduction of legislative seats is a necessary corollary to the objective of reapportionment and, therefore, the one-subject limitation of the Municipal Home Rule Law is not violated by the local law here in issue *(Rebeor v Wilcox, supra,* p 192). Moreover, the local law was an amendment to the Erie County Charter and the State Legislature has specifically recognized that "[a] charter amendment may be of any extent and may deal with any number of subjects" (Municipal Home Rule Law, § 2, subd 2). Special Term properly concluded that the failure of the county executive to hold a public hearing does not render the local law invalid. Section 205 of the Erie County Charter sets forth the procedure for the adoption of local laws and provides that "[n]o local law shall be approved by the county executive until a public hearing thereon has been held before him." The procedure outlined in this section is essentially the same as that contained in sections 20 and 21 of the Municipal Home Rule Law. In the case of a local law dealing with apportionment, the statute provides that "the legislative body shall not adopt such proposed local law until after a public hearing shall have been held thereon before it, on notice as provided in such subdivision five, in which event no public hearing thereon before such chief executive officer shall be required" (Municipal Home Rule Law, § 10, subd 1, par a, cl [13], subcl [d]). The hearing by the county legislature on April 21, 1981 satisfied the statutory requirement and no further hearing was required to be held. Petitioners also contend that the scheduling of the referendum on the first day for circulation of nominating petitions violates due process, equal protection, and statutory rights under the Election Law. In this regard, subdivision 6 of section 6-134 of the Election Law

provides: "A signature made earlier than twelve weeks before the primary election shall not be counted." Although it may take a few days to tabulate the results, and there will be a corresponding reduction in the number of days available to circulate petitions, we do not perceive this as a denial of petitioners' rights. The purpose of the Election Law provision was not to grant candidates an absolute right to a 12-week period to circulate petitions, but rather to set up an orderly progression of events in the election process (NY Legis Ann, 1969, pp 249-250). Since the delay caused by the date set for the referendum will affect all candidates equally, petitioners have no cause for complaint (see *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556, 558). Finally, petitioners seek invalidation of the local law on the ground that the Open Meetings Law was not complied with. Any violations of that law which led to the invalidation of the earlier version of the reapportionment plan were sufficiently cured by the two subsequent public meetings held by the county legislature on April 7 and 21, 1981. All concur, except Callahan, J., who dissents and votes to reverse and grant the petition, in the following memorandum.

Callahan, J. (dissenting). I dissent in part from the majority. I cannot agree that the reduction of legislative seats is a necessary corrolary to the objective of reapportionment, and is thus compatible with the one-subject limitation provision of the Municipal Home Rule Law. In my view there is a transgression of the one-subject limitation in subdivision 3 of section 20 of the Municipal Home Rule Law. The title of Local Law No. 4 expresses the intent to amend Local Law No. 1 of 1959 in relation to the composition of the county legislative districts. Nowhere does that apprise the voters that it will in fact reduce the number of legislators in the county and also reapportion the legislative districts. These are two separate and distinct characteristics in the composition of the county legislature. The purpose of this statute is to prevent concealment and surprise to the public. This title violates the public's right to be fully informed as to what they are voting for or against; and hence is constitutionally defective (see NY Const, art III, § 15). Submission to referendum of two separate laws would properly serve the residents of the County of Erie. (Appeal from judgment of Erie Supreme Court, Ricotta, J. — reapportionment.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ. (Decided June 3, 1981.)