OPINION OF THE COURT
J. Robert Lynch, J.
The primary relief sought by this CPLR article 78 petition is: (1) to declare void a vote of the respondent school board, taken on February 15, 1983, closing the Warner Elementary School effective June 30, 1983; (2) to restrain the respondent board from taking any action to close an elementary school in its district until its property committee has been reconstituted to include at least two board members who were opposed to closing the Warner School, *801 and the reconstituted property committee holds open meetings, and there has been a report by the district’s grade-level realignment committee and an analysis of that report.
Prior to answering the petition, the respondent by cross motion seeks its dismissal for a number of legal objections. Upon such a dismissal motion we must accept as true the factual allegations of the petition (Underpinning & Foundations Constructors v Chase Manhattan Bank, 46 NY2d 459).
A CPLR article 78 proceeding cannot be maintained to challenge any determination that can adequately be reviewed by some other body or officer (CPLR 7801). Section 310 of the Education Law provides that any person who feels himself aggrieved by any action taken by a school board may appeal such action to the Commissioner of Education. The commissioner, however, has ruled and properly so that he has no authority to declare void any action taken in violation of the Open Meetings Law (Public Officers Law, art 7), and that such a declaration must be sought in court by an article 78 proceeding (Matter of Baker, No. 10875, 22 Educ Dept Rep_).
To the extent that this CPLR article 78 petition seeks any relief other than to declare void the respondent’s vote to close the Warner School for an alleged violation of the Open Meetings Law, the petition must be dismissed as it can be reviewed adequately by the commissioner.
The Open Meetings Law is article 7 of the Public Officers Law. Section 95 thereof declares the intention of the Legislature: “It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants.”
Section 98 provides that, except for a legally authorized executive session, “[e]very meeting of a public body shall be open to the general public”. The definition of “public *802 body” includes any committee or subcommittee of the public body (Public Officers Law, § 97, subd 2). The items of business which may be transacted at executive sessions are expressly limited to those set forth in section 100 of the Public Officers Law. None are relevant here nor is there any claim here that the transactions with which we are concerned enjoyed the executive session privilege. Section 102 of the Public Officers Law authorizes the court to declare any action taken in violation of the Open Meetings Law to be void in whole or in part: It is to be noted that this is the sole remedy available to the court for a violation, to declare the action void. Since, however, section 102 provides that this relief may be sought either by a CPLR article 78 proceeding or by an action for a declaratory judgment and injunctive relief, we must conclude that the court is also empowered to enjoin the public body from further proceeding with the action declared void.
The petitioner is the president of an unincorporated association, the Warner Parent-Teacher Club. The petition alleges that the district superintendent delivered to the property committee of the respondent board a report of a committee of district school administrators recommending closing an elementary school in the district. The property committee had 12 to 15 meetings before recommending to the full respondent board that the Warner Elementary School be closed. The petition alleges, on information and belief, that no public notice of any of the property committee meetings was given despite the requirements of section 99 of the Public Officers Law. (A letter-brief of the respondent states that the final meeting of the property committee was publicly noticed.) The petition further alleges that neither the petitioner nor any member of the public was either advised of or permitted to attend any property committee meeting, and that this was an intentional act to deny access to the committee’s deliberations. (Section 102 of the Public Officers Law provides that an unintentional failure to give notice shall not alone be grounds for invalidating any action taken.)
The petition informs us that the full respondent board held an open, properly noticed, public hearing on the property committee’s report on February 1, 1983. (The *803 letter-brief of the respondent states that there was also an open, properly noticed public hearing on February 8.) The respondent board then held a properly noticed, open meeting on February 15, at which time it voted, 6 to 3, to close the Warner School.
It appears that the petitioner commenced an article 78 proceeding prior to the February 15 meeting, the petition alleging a single cause of action. In connection with this proceeding the petitioner sought a temporary order restraining the holding of the February 15 meeting. The restraint was denied. After the meeting the petitioner made a new petition, the instant one, which repeats as a first cause of action the single cause of action of his prior petition and adds two other causes of action.
It is the intent of the first cause of action to restrain the holding of the February 15 meeting. The meeting having been held and the action having been taken by the respondent board, this cause of action has become academic and it must be dismissed. Its allegations, however, will be considered to the extent that they are incorporated by reference into the other causes of action.
The second cause of action points out that, of the six members of the full board voting to close the school, five of them, a majority of the full board, took part in the deliberations of the property committee in its closed meetings. The petition alleges that the illegal closure of the property committee meetings “renders void any deliberations and reports of said Committee” and “have so tainted the deliberation process of the full Board of Education that any subsequent public discussion of the issue was a sham and nugatory at its conception”. The petitioner, therefore, seeks an order voiding the action of the full board.
In its objection to the petition in point of law, the respondent board asserts: that section 102 of the Public Officers Law authorizes the court to void any action taken in violation of the open meetings requirements; that the respondent board’s action — ordering the closing of the Warner School — was taken at an open meeting on February 15 and this was done after a prior open hearing on February 1; that, because the petition fails to allege any *804 violation of the Open Meetings Law at the meeting at which the action took place, the petition must be dismissed. This point may be well taken but it does not meet the real issue at hand.
The question with which we are faced is whether a public body at an open meeting following an open public hearing can take an action recommended by one of its committees the meetings of which have intentionally been violative of the requirements of the Public Officers Law. Put another way, do such illegal committee meetings subsequently taint an otherwise legal action of the public body to which it reports? The petitioner claims that this question has never been answered in the law of this State.
We find that, while the courts have not been faced by an identical factual pattern, our Appellate Division, Fourth Department, was, in 1981, confronted by facts so reasonably similar as to provide us with the answer by simple analogy. The holding there, affirmed unanimously by the Court of Appeals on the Appellate Division opinion, is that a prior violation of the Open Meetings Law does not taint a subsequently held legal meeting at which the questioned action is taken, but rather that the subsequent legal meeting may cure the prior illegality (Matter of Woll v Erie County Legislature, 83 AD2d 792, affd 53 NY2d 1030).
In Woll (supra), an earlier version of a reapportionment plan had been declared void because the meeting of the Erie County Legislature enacting it had violated the Open Meetings Law. Reapportionment was then introduced at a public work session of the Legislature, a public hearing was held, and the law was enacted at a public meeting of the Legislature. An article 78 proceeding was commenced in which it was asserted, inter alia, that the reapportionment plan enacted derived from the meeting which had violated the Open Meetings Law. In other words, the petitioners argued that the prior illegal meeting tainted the subsequent legal meetings. In affirming the judgment dismissing the petition, the Appellate Division held, unanimously on this point, that (supra, p 793) “[a]ny violations of [the Open Meetings] law which led to the invalidation of the earlier version of the reapportionment plan were suffi *805 ciently cured by the two subsequent public meetings held by the county legislature”.
The facts in this proceeding present an even stronger case for dismissal than obtained in Woll (supra). There, what was deemed cured by subsequent legality was the illegality of a public body authorized to take a definitive action. Here what is sought to be cured is only a report from a body, the property committee, that has no warrant to take any definitive action but could only make a nonbinding recommendation.
We find that the second cause of action of the petition must be dismissed.
The third cause of action which seeks an award of attorneys’ fees must be dismissed because the petitioner is not a “successful party” (Public Officers Law, § 102, subd 2).
The petition must be dismissed.