JOSEPH MARTIN, Appellant, v EAGLE HILL FOUNDATION, INC., OF NEW YORK, et al., Respondents. — In a taxpayer action for a judgment declaring Resolution No. 1568-81 of the Suffolk County Legislature to be null and void; declaring a proposed lease of certain real property owned by the defendant Suffolk County to defendant Eagle Hill Foundation, Inc., of New York, to be void; declaring any resolution authorizing the issuance of bond anticipation notes in implementation of Resolution No. 1568-81 illegal; and for a permanent injunction enjoining the execution of such a lease by the County Executive and the defendant Eagle Hill Foundation, Inc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered January 12, 1983, which denied his motion for summary judgment, granted the cross motion of defendant Eagle Hill Foundation for summary judgment and dismissed the complaint as to all defendants.

Order affirmed, with one bill of costs payable to respondents appearing separately and filing separate briefs.

In 1973, the County of Suffolk acquired, for general county purposes, premises known as Coindre Hall. Temporary jurisdiction over the property was assigned to the Suffolk County Department of Parks, Recreation and Conservation in 1974. From the time of its acquisition, the county considered and tried various uses for the property, none of which proved viable, and the premises, including a 60- to 70-room building in a state of disrepair, proved to be a financial drain on the county. On May 28, 1981, the County Legislature adopted Resolution No. 1568-81, authorizing the County Executive to enter into a 25-year lease with defendant Eagle Hill Foundation, Inc., of New York, a not-for-profit corporation devoted to the education of learning-disabled persons. Pursuant to this resolution, such a lease was executed in June 1981. However, the 25-year term of this lease ran afoul of County Law § 215 (4), which provides that "county real property * * * may be leased for a term not exceeding five years". In addition, County Law § 215 (6) provides that "[s]uch property may be sold or leased only to the highest responsible bidder after public advertisement".

By a resolution approved November 2, 1981, the County Legislature adopted Local Laws, 1981, No. 41 of the County of Suffolk, which provides, *inter alia,* that: "Notwithstanding the provisions of Section 215 (4) of the COUNTY LAW, after a determination by the Suffolk County Legislature that County-owned property is not required for public use, such property may be leased through the Suffolk County Department of Real Estate for a period not exceeding twenty-five (25) years, upon such terms and conditions as may be prescribed by the County Legislature by resolution in the same manner and with the same rights and privileges as if owned by an individual, to a public corporation; to a not-for-profit corporation; or to an association, corporation, or other legal entity which has been granted a charter for educational purposes from the New York State Department of Education". Thereafter, in early 1982, the County Legislature authorized an amendment to the lease for the purpose of providing additional services, and a "re-executed and amended" lease was entered into on October 12, 1982.

We agree with Special Term that not only were the lease term provisions of County Law § 215 (4) superseded by Local Laws, 1981, No. 41 of the County of Suffolk, but that said local law also had the effect of superseding the bidding requirements of County Law § 215 (6) (County Law § 2 [b]). Although the local law did not specifically state that it was intended to supersede County Law § 215 (6), the failure to so state did not "affect the validity of such local law" (Municipal Home Rule Law § 22 [1]).

The superseding of the bidding requirements was a necessary corollary to the legislative objective of authorizing leases "upon such terms and conditions as may be prescribed by the County Legislature * * * in the same manner and with the same rights and privileges as if owned by an individual * * * to a not-for-profit corporation" (see, Matter of Woll v Erie County Legislature, 83 AD2d 792). We further find that the County Legislature fully complied with the provisions of Local Laws, 1981, No. 41 of the County of Suffolk and that the amended lease was validly authorized by the 1982 resolution. Additionally, there is no basis in the record for plaintiff's contention that the property had been dedicated as park land.

The judgment to be entered upon the order appealed from should declare the rights of the parties in accordance herewith (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901; Holliswood Care Center v Whalen, 58 NY2d 1001, 1004). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.