■ WILLIAM A. JONES et al., Respondents, v EDWARD I. KOCH Individually and as Mayor of the City of New York, et al., Appellants.—In an action, inter alia, to enjoin defendants from enforcing a resolution of the New York City Board of Education appointing Robert Wagner, Jr. as Chancellor, the defendants appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated July 5, 1984, which granted the plaintiffs' application for counsel fees, and directed them to pay the sum of $15,296.87 as and for the counsel fees and expenses of the plaintiffs.

Order reversed, on the law and the facts, with costs, and application denied.

In April 1983, the plaintiffs instituted suit seeking a declaratory judgment and injunctive relief against the defendants. In their complaint, the plaintiffs essentially maintained four bases for relief: (1) the selection of Robert Wagner, Jr. was illegal and unenforceable, (2) the selection process was conducted in clear violation of the Open Meetings Law (Public Officers Law art 7), (3) the participation of New York City Board of Education member Miguel Martinez in the selection process was a conflict of interest, and (4) the actions of

defendant Mayor Edward I. Koch in supporting, advocating and encouraging the appointment of Wagner constituted an abuse of executive powers. While the matter was *sub judice,* New York State Commissioner of Education Ambach declined to grant Wagner the equivalency certificate necessary for Wagner to assume the position of Chancellor and the New York City Board of Education decided not to challenge that determination. On May 3, 1983 Special Term issued a decision declaring that Wagner's selection was in violation of the Open Meetings Law. In an order dated July 5, 1984, the court granted the plaintiffs' application for counsel fees. The defendants appeal the award of counsel fees and contest the plaintiffs' status as the successful parties.

It bears noting that the plaintiffs' two applications for temporary restraining orders as well as their application to this court with regard to a temporary restraining order were unsuccessful. Despite the fact that Wagner was no longer a viable choice for the position of Chancellor, the Commissioner having already denied him the equivalency certificate necessary to assume that position, the plaintiffs' motion for a preliminary injunction was denied. Although the Wagner appointment had already been withdrawn, Special Term gratuitously issued a declaratory ruling that Wagner's selection violated the Open Meetings Law. Under the circumstances, the plaintiffs can hardly be deemed to constitute "successful" parties within the meaning of Public Officers Law § 107 (2) *(see, Matter of Dombroske v Board of Educ.,* 118 Misc 2d 800, 805).

Accordingly, Special Term erred in granting plaintiffs' application for counsel fees. Brown, Weinstein and Eiber, JJ., concur.

Thompson, J. P., dissents and votes to affirm the order appealed from, with the following memorandum: The order of Special Term granting the plaintiffs' motion for an award of counsel fees pursuant to Public Officers Law § 107 (2) should be affirmed. Contrary to the conclusion reached by the majority, the plaintiffs may be considered "successful parties" as that term is used in section 107 and, therefore, they are entitled to recover reasonable attorney's fees pursuant to that provision.

Public Officers Law § 107 (2) provides: "In any proceeding brought pursuant to this section, costs and reasonable attorney fees may be awarded by the court, in its discretion, to the *successful party"* (emphasis supplied). There is a dearth of

authority in this State's decisional law construing the meaning and limitations of that provision with respect to the threshold requirements for awards of attorney's fees to a "successful" party. In addition, there appears to be no contemporaneous legislative history to shed light on what the State Legislature intended by the term "successful" as used in section 107. With this in mind, I will proceed by analogy to consider a similar provision under Federal law, to wit, 42 USC § 1988 (cf. Virzi Subaru v Subaru of New England, 742 F2d 677 [construing provisions of a Connecticut statute for recovery of attorney's fees by analogizing it to 42 USC § 1988]).

42 USC § 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of [specified civil rights sections] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs".

Although in Federal civil rights litigation the trial court is vested with wide-ranging discretion in determining the amount of the attorney's fee award, the area in which such discretion may be exercised has been circumscribed by the judicial determination that a prevailing party " ' "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" ' " (Hensley v Eckerhart, 461 US 424, 429, quoting from Newman v Piggie Park Enters., 390 US 400, 402; see also, Matter of Rahmey v Blum, 95 AD2d 294, 296).

The issue with which we are concerned on this appeal is twofold: (1) under what circumstances may a party recover attorney's fees when his suit does not result in a formal judgment in his favor but prompts actions outside the courtroom that afford the relief sought by the suit, and (2) under what circumstances may a party who obtains relief on some but not all of his claims obtain attorney's fees. The United States Supreme Court in Hensley v Eckerhart (supra, at p 433) appears to have adopted the view that a plaintiff is a prevailing party for attorney's fee purposes " 'if [he] * * * achieves some of the benefit the parties sought in bringing suit' ". Application of this formulation to the facts of the instant case would, at first blush, seem to preclude the plaintiffs from meeting the threshold requirement. Arguably, because the New York State Commissioner of Education's failure to grant Robert Wagner, Jr. an equivalency certificate essentially rendered the controversy in issue moot, plaintiffs achieved none of the benefits of the suit. Rather, any benefits received were due to an independent supervening cause and Special Term's

ruling on the issue of an alleged violation of the Open Meetings Law was merely superfluous. However, review of the cases addressing this point is sufficient to demonstrate that an award of fees does not turn simply on whether and when a judgment granting the relief which a party seeks is actually entered. A party may be said to have prevailed when he establishes a legal entitlement to what he seeks (see, *Coalition for Basic Human Needs v King,* 691 F2d 597, 600).

The Supreme Court has specifically held that a court's authority to award attorney's fees in civil rights litigation is not extinguished by the fact that a case was settled or resolved on a nonconstitutional ground or the plaintiff was awarded only nominal damages (see e.g., *Maher v Gagne,* 448 US 122, 132; *McCann v Coughlin,* 698 F2d 112, 128; *Williamsburg Fair Hous. Comm. v Ross-Rodney Hous. Corp.,* 599 F Supp 509; see also, *Smith v Robinson,* 468 US 992, 1005-1006). In *Maher v Gagne (supra,* at p 129) the court cited with approval a Senate Report on 42 USC § 1988 which said that " 'for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally ﹐obtaining relief' ".

Turning to the facts of the instant case, it appears highly likely, in view of the timing of the events in issue, that commencement of this litigation served as the catalyst resulting in the removal of Wagner's name from consideration as Chancellor. Therefore, I find that the plaintiffs have prevailed and may be considered "successful" parties. There is no reason why a fortuitous event, i.e., the failure of the New York State Education Commissioner to grant Wagner an equivalency certificate, ought, in and of itself, to deprive plaintiffs of the attorney's fees to which they would otherwise be entitled. The policy underlying the statute is to encourage litigants to act as private attorneys-general to ensure that "the public business [is] performed in an open and public manner" (Public Officers Law § 100). This policy has been served at bar where the plaintiffs obtained a determination that the selection of Wagner as Chancellor violated the Open Meetings Law (Public Officers Law art 7). The plaintiffs' success in establishing this violation will deter officials from adopting similar practices in the future and thereby help assure that the decision-making process of governmental bodies remains open to public observation. This deterrent effect is wholly independent of the relief which the plaintiffs sought in the action, and therefore,

the plaintiffs' success in this regard should be sufficient to merit an award of attorney's fees.

*Matter of Dombroske v Board of Educ.* (118 Misc 2d 800), the only case cited by the majority, is readily distinguishable. On the facts therein the court dismissed a petition in a proceeding pursuant to CPLR article 78, finding that an action taken by a public body in violation of the Open Meetings Law (Public Officers Law art 7) was cured by a subsequent legal meeting. Unlike the matter before us, the plaintiffs in *Matter of Dombroske* failed to establish a legal entitlement to the relief sought. Accordingly, the holding in *Matter of Dombroske* that the plaintiffs were not successful parties entitled to attorney's fees does not compel a comparable holding at bar.

Lastly, I would note that compensation should not be limited to the time spent on the claimed violation of the Open Meetings Law. The ultimate objective sought in this litigation was the annulment of the selection of Robert Wagner, Jr. as Chancellor. Although some of the issues raised and motions made were rejected by the court, they were all interrelated. In litigating any claims a competent counsel generally should raise other interrelated issues *(see, Seigal v Merrick,* 619 F2d 160).